IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBATE FAMILY FARMS LIMITED PARTNERSHIP,<br><br>   Plaintiff,<br>   vs.<br>G D FRESH DISTRIBUTION, INC., and GEORGE DZIAK,<br><br>   Defendants. | 1:12-cv-0303 LJO-BAM<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT<br><br>(Document 14) |

On April 25, 2012, Plaintiff Abbate Family Farms Limited Partnership ("Plaintiff") filed the present motion for default judgment against G D Fresh Distribution, Inc. ("G D Fresh") and George Dziak, as an individual (collectively "Defendants"). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for June 8, 2012. (Doc. 16). For the reasons that follow, the Court recommends that Plaintiff's Motion for Default Judgment against Defendant G D Fresh should be GRANTED and Plaintiff's Motion for Default Judgement against individual defendant George Dziak should be DENIED without prejduice.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 29, 2012, Plaintiff filed the instant action under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq*. (Pl's Compl. at ¶ 1, Doc. 1). Plaintiff is engaged in the business of selling and shipping perishable agricultural commodities. (Compl. at ¶ 5). According

to a printout from the United States Department of Agriculture's website, G D Fresh is licensed under PACA as a dealer of perishable agricultural commodities. (*See* Anthony Abbate Decl., Doc 14-1 at Ex. C). Defendant George Dziak serves as the reported principal for G D Fresh, an Oregon Corporation, engaged in the business of buying and selling agricultural commodities. (Compl. at ¶ 6, 12). Between June 21, 2011 and August 3, 2011, G D Fresh purchased produce from Plaintiff. (Compl. at ¶ 12). Plaintiff delivered the produce and provided Defendants with invoices for each shipment, setting forth in detail the amounts owed by Defendants. (Pl's Mot. at 2, Doc. 14-3). Each invoice also included the following statement:

> The perishable agricultural commodities listed on this invoice are sold subject to the Statutory Trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7) U.S.C. 499e(c).

(Abbate Decl., at Ex. C). The invoices further provided for finance charges on delinquent accounts at the rate of 1.5% per month, or 18% annually. *See id.* Included on the back of each invoice was the full PACA trust statement which reads:

> The perishable agricultural commodities listed on this invoice are sold subject to the Statutory Trust authorized under Section S(c) of the Perishable Agricultural commodities Act, 1930 (7) U.S.C. 499e(c). The seller of these commodities retains a trust claim over these commodities all inventories of food or other product derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. Signature on this invoice indicates acceptance of the terms and conditions on this invoice. Problems must be reported in writing within 24 hrs after produce has been received or invoice is payable in full. Interest at 1.5% monthly added to unpaid balance. Interest and attorney fees necessary to collect any balance due hereupon shall be considered sums owing in connection with this transaction under PACA Trust.

(Abbate Decl., at Ex. C).

The total price of the produce accepted by Defendants is $24,275.49, which Plaintiff has not received. On March 8, 2012, Defendants were served by certified mail with the Summons and Complaint in this matter. (Doc. 3). Defendants failed to answer the complaint or otherwise defend the action. On April 24, 2012, upon Plaintiff's request, the Clerk of this Court entered Defendants' default under Federal Rule of Civil Procedure 55(b). (Doc. 11). By their default, Defendants are deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages. *See* FED. R. CIV. P. 8(b)(6).

On April 25, 2012, Plaintiff filed a Motion for Default Judgment against Defendants. (Doc. 14).

2

Plaintiff seeks judgment against Defendants for the principal owed, interest and costs.

## DISCUSSION

**A.    Legal Standard**

Federal Rule of Civil Procedure 55 provides, the Court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The Ninth Circuit has provided seven factors for consideration by the district court in exercising its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

When assessing these factors, all well-pleaded factual allegations in the complaint are taken as true, except those with regard to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

**B.    Jurisdiction and Service of Process**

Courts have an affirmative duty to examine their own jurisdiction—both subject matter and personal jurisdiction—when entry of judgment is sought against a party in default. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). In an action under PACA, federal subject matter jurisdiction arises under 29 U.S.C. §§ 1331 and 1367. Personal jurisdiction arises from Defendants' commercial activities within California. *See Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990).

The Court must also assess whether the Defendants were served properly with notice of this action. California Code of Civil Procedure Section 415.40 authorizes a Plaintiff to serve nonresident defendants by certified mail. Plaintiff served the Summons and Complaint on George Dziak as an individual and as the agent of service for G D Fresh by certified mail on March 5, 2012. (*See* Doc. 17). Evidence of the certified mail receipt signed by George Dziak was filed with the Court on May 13, 2012. (Doc. 17, Ex. A). The Court therefore finds Plaintiff effected service of process in conformance with

California Code of Civil Procedure § 415.40 and Federal Rule of Civil Procedure 4(h)(1)(B). FED R. CIV. P. 4(h)(1)(B) (a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."). Therefore, the Court has both subject matter and personal jurisdiction and the entry of default was proper.

**C.    Individual Liability and the Sufficiency of the Complaint**

After entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Televideo Sys., Inc.,* 826 F.2d at 917-18. Plaintiff alleges violation of PACA, 7 U.S.C. § 499e. PACA applies to sales of perishable agricultural commodities to "any commission merchant, dealer, or broker." PACA gives the suppliers of such commodities special rights designed to ensure payment. It requires that all produce-derived revenues "be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities . . . until full payment of the sums owing in connection with such transactions has been received . . . ." Section 499b(4) requires buyers to "make full payment promptly." 7 U.S.C. § 499b(4).

To establish the existence of a PACA trust, Plaintiff must show that: (1) the commodities sold were perishable agricultural commodities; (2) the buyer was a commission merchant, dealer or broker; (3) the transaction occurred in interstate commerce; (4) the seller has not yet received full payment; and (5) the seller preserved its trust rights by giving proper notice to the buyer. 7 U.S.C. 499e. A seller can use "ordinary and usual billing or invoice statements to provide notice of the [seller's] intent to preserve the trust," 7 U.S.C. 449(e)(c)(4).

Plaintiff's allegations of the existence of a PACA trust are sufficient. Plaintiff claims to have sold perishable produce through interstate commerce to Defendants, who were dealers, and that Plaintiff has not received full payment for sales dating back to June 21, 2011. (Pl's Compl. at ¶ 12). Plaintiff also claims to have complied with PACA's notice requirement under 7 U.S.C. 499e(c)(4) by submitting invoices including the requisite statutory language. (Abbate Decl., at Ex. C). Therefore, Plaintiff sufficiently alleges a PACA trust.

Plaintiff next seeks to establish the personal liability of George Dziak, as an individual. The Ninth Circuit has held that individuals associated with corporate defendants may be liable under a PACA

4

trust theory. *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282-83 (9th Cir. 1997).  In *Sunkist*, after surveying the decisions concerning individual liability under a PACA trust claim, the Court stated:

> The unanimous conclusion of the cases is that PACA liability attaches first to the licensed seller of perishable agricultural commodities. If the seller's assets are insufficient to satisfy the liability, others may be found secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust.
>
> We agree that individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act. (citation omitted).

*Id.* at 283.

Consequently, to establish personal liability, Plaintiff must make a showing that the licensed seller's assets are insufficient to satisfy the liability.  Following this, Plaintiff must then show that the individuals controlled PACA trust assets and that the individuals breached their fiduciary duty to preserve those assets.

Plaintiff's complaint falls short.  Plaintiff did not allege any facts as to the manner in which George Dziack improperly controlled the PACA trust assets.  Although George Dziak's absence from this case makes it difficult to know for certain whether he used trust assets for purposes other than the payment of Plaintiff,  George Dziak's lack of explanation and his choice not to appear to defend this suit are not indicative of a valid explanation for the dissipation of trust assets.  Further, Plaintiff did not present any evidence of George Dziak's active management role, or evidence of George Dziak acting for the corporation.  Although Plaintiff has alleged that George Dziak is the sole principal listed as a PACA licensee, Plaintiff alleges no facts establishing that George Dziak is the only officer, director, or shareholder of G D Fresh.  Nor are there any facts showing how George Dziak breached his fiduciary duty.

Plaintiff instead argues that George Dziak, as the sole reported principal listed as a PACA licensee, establishes that George Dziak was in full control of G D Fresh. (Abbate Decl., at Ex. B).  In doing so, Plaintiff asks the Court to impose a bright-line rule: if an individual is listed as the sole reported principal, then he is by that fact in a position to control the PACA trust assets.  This position expressly contradicts the Ninth Circuit's decision in *Sunkist*.  The Ninth Circuit concluded that the defendants there may be individually liable under PACA, but not because of their formal titles. Instead, *Sunkist* explained that a court considering the liability of [an] individual [under PACA] may look at 'the

closely-held nature of the corporation, the individual's active management role[,]' and any evidence of the individual's acting for the corporation." *Id.* at 283 (quoting *Frio Ice v. SunFruit, Inc.*, 724 F. Supp. 1373, 1382 (S.D. Fla. 1989)). It then remanded to the District Court to apply the appropriate test in the first instance. *See Bear Mt. Orchards, Inc. v. Mich-Kim, Inc.*, 623 F.3d 163 (3d Cir. Pa. 2010) (interpreting the Ninth Circuit's decision in *Sunkist* as focusing primarily on context when determining individual liability).

The allegations in Plaintiff's complaint are not well-pleaded beyond conclusory statements of breach of fiduciary duties and constructive fraud. "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citation omitted). Plaintiff has failed to submit sufficient evidence as set out in *Sunkist* and as a result, Plaintiff has failed to establish the individual liability of Defendant George Dziak.

**D.    The Eitel Factors**

Excluding George Dziak's individual liability, the *Eitel* factors favor entry of default judgment against G D Fresh, in this case. First, if the motion were denied, Plaintiff may be unable to prosecute this action and recover the amount owed to it for the produce delivered to G D Fresh. Failure to enter a default judgment, therefore, would result in prejudice to Plaintiff since it would leave Plaintiff without an alternative remedy.

Second, the Complaint is sufficient to support entry of a default judgment as to G D Fresh. Judgment by default cannot be entered if the complaint fails to state a claim. *See Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004). In the instant action, Plaintiff primarily seeks to enforce a PACA trust against G D Fresh. *See* Compl. ¶ 1. PACA provides for the establishment of a statutory trust "in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer." *Bowlin & Son, Inc. v. San Joaquin Food Serv.* (*In re San Joaquin Food Serv., Inc.*), 958 F.2d 938, 939 (9th Cir. 1992). "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." *C & E Enters., Inc. v. Milton Poulos, Inc.* (*In re Milton Poulos, Inc.*), 947 F.2d 1351, 1352 (9th Cir. 1991). Plaintiff, a PACA

licensee, properly preserved its benefits under the PACA trust created with G D Fresh by including the notice of intent on its invoices. *See* 7 C.F.R. § 46.46(f)(3). Plaintiff delivered commodities to G D Fresh and G D Fresh has not paid. The Court finds Plaintiff's allegations sufficient to state a claim under Federal Rule of Civil Procedure 8(a).

Third, the sum of money at stake is relatively small. In general, a large sum of money at stake is a factor disfavoring default judgment. *See Eitel*, 782 F.2d at 1472 (the fact that $2,900,000 was at stake, when considered in light of the parties' dispute as to material facts, supported the court's decision not to enter judgment by default). In the instant case, Plaintiff has requested a total judgment of $24,275.49 exclusive of post judgment interest—an amount far less than that contemplated by the court in *Eitel*. *See also Church Bros., LLC v. Garden of Eden Produce, LLC,* 2012 U.S. Dist. LEXIS 48584 (N.D. Cal. Apr. 5, 2012) (approximately $215,183.00 default judgment approved in a PACA action). Because the sum of money at stake here is modest in comparison, this factor weighs in favor of entering a default judgment.

Fourth, there is no dispute of material fact. Indications that there is a dispute of material fact weigh against entry of default judgment. *Eitel,* 782 F.2d at 1471-72. Here, G D Fresh has not disputed any of Plaintiff's contentions.

Fifth, it is unlikely that default was the result of excusable neglect. This action was filed over three months ago and G D Fresh and George Dziak have been properly served. There is no evidence that Defendants' default was due to excusable neglect.

Sixth, although federal policy generally disfavors the entry of a default judgment, all of the *Eitel* factors weigh in favor of a default judgment here. Therefore, the motion to enter default judgment should be granted as to G D Fresh.

**E.     Damages**

In Plaintiff's motion for default judgment, Plaintiff seeks $21,438.05 in principal damages from Defendants. Plaintiff has the burden of proving damages through testimony or written declaration or affidavit. FED. R. CIV. P. 55(b)(2); *Lotenero v. Cripps*, 2012 U.S. Dist. LEXIS 19750 (E.D. Cal. Feb. 15, 2012). Plaintiff has submitted the declaration of Anthony Abbate, General Partner of Abbate Family Farms, LP, who regularly undertakes the responsibility of tracking receivables related to the accounts

of customers to ensure that payments are timely made. (Abbate Decl. ¶ 9). Abbate attested to the amounts owed by Defendants and attached invoices to support those amounts. (Abbate Decl. ¶ 10, Ex. C). According to the complaint, and corroborated by the invoices and statements attached to the Abbate declaration, Defendants have failed to pay Plaintiff $21,438.05. *(See* Compl. ¶ 25). Having reviewed the complaint, and all of the materials filed in support of the motion for default judgment, the Court finds that Plaintiff has established that G D Fresh is liable for this amount, and recommends that Plaintiff recover $21,438.05 in principal damages from G D Fresh.

Plaintiff also requests prejudgment interest in the amount of $2,487.44 from September 3, 2011 and post-judgement interest of 1.5% per month. (Doc. 14 at 2). Under the controlling case of *Middle Mountain Land and Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220 (9th Cir. 2002), prejudgment interest may be included in a PACA trust claim if supported by a contractual right; alternatively, the Court has discretion to award reasonable prejudgment interest if such an award promotes the interests of PACA claimants. "[A] district court has broad discretion to award prejudgment interest to PACA claimants under 7 U.S.C. § 499e(c)(2) ... [A] district court may award reasonable prejudgment interest to PACA claimants if such an award is necessary to protect the interests of PACA claimants, and [ ] such an award absent contract is discretionary."  *Middle Mountain*, 307 F.3d at 1225-26.

Here, the invoices attached to the Complaint and to the Abbate declaration state, in relevant part: "finance charge of 1.5% per month or 18% per annum from the date of invoice will be accessed [sic] on all past due accounts." (Abbate Decl., Ex. C). Although normally interest would accrue at the legal rate, because the invoices created a contract, the interest rate of 1.5% per month or 18% on unpaid accounts agreed to by the parties is the correct rate to apply. *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1108 (9th Cir.1998) ("affirm[ing] the district court's grant of post-judgment interest based upon the mutually agreed upon contract rate"). Plaintiff submits evidence that the accrued interest to the date of the motion is $2,487.44. Thus, Plaintiff is entitled to prejudgment interest of $2,487.44 through April 26, 2011, plus prejudgment interest after April 26, 2012 and continuing until judgment is entered; and post-judgment interest at the rate of $10.54 per day.

**F.     Costs**

Finally, in addition to damages and interest, Plaintiff seeks reimbursement of court costs in the amount of $350.00. This amount is supported by the record, as the Court's docket reflects payment of the $350 filing fee. An award of this cost is authorized by 28 U.S.C. § 1920. Therefore, the Court recommends that Plaintiff's request for an award of the costs incurred in filing this PACA matter should be GRANTED.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED that:

1. Plaintiff's Motion for Default Judgment (Doc. 14) against Defendant G D Fresh Distribution, Inc. be GRANTED;

2. Plaintiff's Motion for Default Judgment (Doc. 14) against Defendant George Dziak, as an individual, be DENIED WITHOUT PREJUDICE;

3. Judgment be entered against Defendant G D Fresh Distribution, Inc. in the principal sum of $21,438.05, pre-judgment interest through and including April 26, 2012 in the amount of $2,487.44, pre-judgment interest to the date of judgment at the rate of $10.54 per day, together with post-judgment interest on the judgment at the rate of $10.54 per day, and costs in the sum of $350.00.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge

/////
/////
/////
/////
/////
/////

will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  June 13, 2012            /s/ Barbara A. McAuliffe
                                 UNITED STATES MAGISTRATE JUDGE